## LONG v WHARTON

Ohio Appeals, 9th Dist, Summit Co

No 2890. Decided June 4, 1937

Lahrner & Hadley, Akron, and Stanley S. Nicholls, Akron, for appellee.

R. H. Nesbitt, Akron, and R. G. Jeter, Akron, for appellant.

## OPINION

PER CURIAM

This cause is before this court as an appeal on questions of law.

The case has been before this court upon one previous occasion, and the contents of the bill of exceptions in the previous case (which bill is before this court as an exhibit in this case) are not essentially dissimilar from those contained in the present bill of exceptions, although there is certain additional evidence contained in the present bill which was not before the court when the case was formerly considered.

From our examination of the record herein, we are constrained to the conclusion that no error concerning which complaint is made by the appellant constitutes prejudicial error affecting the substantial rights of the appellant and warranting a reversal of this judgment.

There are errors urged in this proceeding having to do with claimed misconduct of the jurors. which perhaps merit discussion.

After the jury had been discharged, a yellow sheet of paper was found in the jury room by counsel for appellant, upon which paper were certain notations of names and figures; and it is claimed that said notations tended to show that the jury took into consideration certain minor elements of damage in arriving at its verdict concerning which there was no evidence, and which were not properly elements of damage to be considered by the jury. It is claimed by counsel for appellant that said paper constituted evidence aliunde which justified inquiry from the jurors concerning their deliberations.

The trial court held that such paper did not constitute evidence aliunde furnishing a basis for inquiry from the jurors, and excluded said paper and the depositions and affidavit of said jurors.

We find no error in that conclusion of the trial court.

Neither does a consideration of the claimed misconduct of the jurors during the voir dire examination, or during the progress of the trial, in the opinion of this court, justify the claim of appellant that the court's ruling with reference to said conduct constituted prejudicial error, warranting a reversal of this judgment.

We are of the opinion that substantial justice has been done herein, and the judgment of the trial court will be affirmed.

STEVENS, PJ, WASHBURN and DOYLE, JJ, concur in judgment.